**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| **CAROLYN PEEK ALEXANDER,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**RYAN YOUNG,** ***Social Security Administration Manager, et al.,***<br><br>***Defendants.*** | **CIVIL ACTION NO.**<br>**3:26-cv-00168-TES** |

**ORDER OF DISMISSAL**

On November 2, 2026, the Clerk of Court received a complaint from pro se Plaintiff Carolyn Peek Alexander. [Doc. 1]. Plaintiff also filed a motion for leave to proceed *in forma pauperis* in the district court. [Doc. 2].

**A. <u>Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*</u>**

District courts may allow a plaintiff to file a lawsuit without prepaying fees and costs under 28 U.S.C. § 1915. That statute states:

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (citation omitted) ("Despite the statute's use of the phrase 'prisoner possesses,' the

affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*].”). An application is sufficient to warrant a waiver of fees if it “represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents.” *Martinez*, 364 F.3d at 1307. After reviewing Plaintiff’s application, it appears that she has no money or source of income. [Doc. 2, pp. 1–2, 5]. Therefore, the Court **GRANTS** her motion for leave to proceed *in forma pauperis* in the district court.

### B. <u>Legal Standards</u>

Since Plaintiff is proceeding *in forma pauperis* in the district court, § 1915(e) requires the Court to review her complaint to determine whether it is frivolous or malicious or fails to state a claim for which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). The Eleventh Circuit has determined that “§ 1915(e) . . . permits district courts to dismiss a case ‘at any time’ if the complaint ‘fails to state a claim on which relief may be granted.’” *Robinson v. United States*, 484 F. App’x 421, 422 n.2 (11th Cir. 2012) (per curiam) (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)). The proper contours of the term “frivolous,” have been defined by the Supreme Court to encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under § 1915(e) “are often made sua sponte prior to the issuance of process, so as to

spare prospective defendants the inconvenience and expense of answering such complaints").

More specifically, to survive this initial review, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Operating on the assumption that the factual allegations in the complaint are true, such dismissal procedure streamlines litigation by dispensing with unnecessary discovery and factfinding. *Id.* However, a complaint will survive under Rule 12(b)(6) if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft*, 556 U.S. at 678–79).

Frivolity review under § 1915(e), on the other hand, has a separate function. Section 1915(e) is designed to discourage the filing of—and waste of judicial and private resources upon—baseless lawsuits that paying litigants generally do not initiate due to filing costs and the potential threat of sanctions associated with filing such a lawsuit. *Neitzke*, 490 U.S. at 326. "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims

whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against [a] plaintiff, dismissal on Rule 12(b)(6) grounds [under § 1915(e)(2)(B)(ii)] is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

### C. Frivolity Review

To begin, the Court notes that pleadings filed by pro se parties are construed liberally, and their allegations are held to a less stringent standard than formal ones drafted by lawyers. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Here, Plaintiff's complaint is completely devoid of any factual allegations whatsoever. *See generally* [Doc. 1]. When it comes to her "Statement of Claim," the only thing Plaintiff wrote was "Idenity [*sic*] Theft." [*Id.* at p. 4]. That is insufficient "to state a claim that is plausible on its face." *Iqbal*, 556 U.S. 678.

Along with her complaint, Plaintiff filed seven documents upon which she presumably relies for her "claim" of identity theft. [Doc. 1-1]; [Doc. 1-2]; [Doc. 1-3]; [Doc. 1-4]; [Doc. 1-5]; [Doc. 1-6]; [Doc. 1-7]. Again, though, Plaintiff made no effort to assert any factual allegations in her complaint or explain how any of these seven documents support her case. Yes, pro se pleadings must be construed liberally, *Hughes*, 350 F.3d at 1160, but the leniency afforded to pro se pleadings "does not give a court

license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). Given that Plaintiff's complaint "fails to state a claim on which relief may be granted," the Court **DISMISSES** it **without prejudice** pursuant to § 1915(e)(2)(B)(ii)**.** *Iqbal*, 556 U.S. 678; *Robinson*, 484 F. App'x at 422 n.2; *see also* Order of Dismissal, *Shapiro v. Campanelli*, 3:25-cv-00199-TES (M.D. Ga. Dec. 17, 2025), Dkt. No. 3 (without-prejudice dismissal where "[t]here are no facts alleged in th[e] [c]omplaint").

**D. Leave to Appeal *In Forma Pauperis***

The Court also **DENIES** Plaintiff leave to appeal *in forma pauperis*. Though she has not yet filed a notice of appeal, it is proper to address the issue in this order of dismissal. *See* Fed. R. App. P. 24(a)(3) (stating that a district court may certify that an appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the district court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). Good faith in this context must be judged by an objective standard. *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when she seeks to advance a frivolous argument. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An argument is frivolous and not brought in good faith if it is "without

arguable merit either in law or fact." *Neitzke*, 490 U.S. at 327; *Moore v. Bargstedt*, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Based on the above discussion, Plaintiff's complaint—when judged through the requisite objective standard—"fails to state a claim on which relief may be granted" because it contains no factual allegations. 28 U.S.C. § 191(e)(2)(B)(ii); *Busch*, 189 F.R.D. at 691; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (discussing that Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief"). Considering Plaintiff's complaint, there would be no non-frivolous issues to raise on appeal, and an appeal in this case would not be taken in good faith. Accordingly, to the extent Plaintiff seeks to appeal this dismissal, the Court **DENIES** her leave to appeal *in forma pauperis*.

**E. Conclusion**

As discussed more fully above, the Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* in the district court but **DISMISSES** her complaint **without prejudice** pursuant to § 1915(e)(2)(B)(ii). The Court also **DENIES** Plaintiff leave to appeal *in forma pauperis*. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 5th day of November, 2026.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**